UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daniel Philipson, <br> individually and on behalf of all others similarly situated, <br> Plaintiff, <br><br> -v.- <br><br> Professional Claims Bureau, LLC, <br><br> Defendants. | Case No.: 7:23-cv-497 <br><br><br> **CLASS ACTION COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Daniel Philipson brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Professional Claims Bureau, LLC ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.  The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Defendant is registered to accept service of process with its registered agent, c/o Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware 19808.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent an initial collection letter;

   c. attempting to collect a consumer debt;

   d. providing an amount owed;

   e. allegedly based on a particular date range between a date certain and "today";

   f. without dating the collection letter;

   g. and which failed to properly note the amount of the debt for the particular date ranges noted in the letter;

   h. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The first sub-class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent an initial collection letter;

   c. attempting to collect a consumer debt;

   d. which provided an itemization of the alleged debt that indicated a zero-dollar initial balance;

   e. and which noted an unspecified increase in the balance;

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The second-class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent a collection letter;

   c. attempting to collect a consumer debt that the individual to whom the letter was addressed did not owe;

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g *et seq*.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g *et seq*.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates, and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

23. Some time prior to April 28, 2021, an obligation was allegedly incurred to non-party Maimonides Medical Center ("Maimonides").

24. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically a medical services.

25. The alleged Maimonides obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26. Maimonides is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27. According to the letter described below, Maimonides contracted with Defendant to complete debt collection activities regarding the allegedly defaulted debt. Therefore, Defendant is a "debt collector" as that phrase is defined in 15 U.S.C. § 1692a (6).

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – Undated Collection Letter*

29. On a date better known by Defendant, it sent a collection letter regarding the debt allegedly owed to Maimonides. (*See* "Letter" attached as Exhibit A).

30. The letter is not dated.

31. Despite the fact that the Letter lacks a date, Defendant states, in relevant part:

You had a medical debt owed to MAIMONIDES MEDICAL CENTER with account number [redacted]

| | |
|---|---:|
| As of 4/28/21, you owed: | $0.00 |
| Between 4/28/21 and today: | |
|     You were charged this amount in interest: | + $0.00 |
|     You were charged this amount in fees: | + $0.00 |
|     You paid or were credited this amount toward the debt: | - $-25.00 |
| **Total amount of the debt now:** | **$25.00** |

32. There are several FDCPA violations associated with the Letter.

33. Plaintiff denies the existence of the alleged debt as stated.

34. Plaintiff did not incur the debt as alleged and the Letter appears fraudulent on its face.

35. Upon information and belief, the alleged debt is actually associated with Plaintiff's adult son.

36. Plaintiff was fearful to call and be pressured by Defendant, who appeared to be a fraudulent actor.

37. Accordingly, since the Letter also caused him shock, restlessness, and anxiety, Plaintiff, in reliance on the Letter, spent time and money in an effort to mitigate the risk of further harm caused by Defendant.

38. He expended time and money attempting to figure our if the Letter was in fact just a scam or whether it was based on a real debt.

39. He additionally spent time and money to mitigate the risk of further harm in the form of dominion and control over his funds.

40. Thus, as a direct result of Plaintiff's reliance on the Letters, Plaintiff suffered a financial detriment.

41. Moreover, as a direct result of Plaintiff's reliance on the Letter, Plaintiff suffered emotionally with the physical manifestation of restlessness.

42. Additionally, the Letter separately violates the FDCPA in that it indicates that there was a $0.00 balance as of April 28, 2021, however the Letter then states an unspecified negative "credit" of $25.00 was applied resulting in an alleged total balance of $25.00.

43. The way that the alleged total debt is presented makes it appear as thought the debt is not legitimate as there was no initial balance nor any fees or interest that were alleged thereafter.

44. Rather, there is a "credit" that allegedly resulted in the balance climbing from $0.00 to $25.00.

45. Defendant's presentation of the alleged debt, beginning with a $0.00 balance for alleged past medical treatment, with a random "credit" that actually increased the amount of the alleged debt, is false and/or misleading and made it impossible for Plaintiff to know the true nature of the subject debt.

46. Additionally, even had the initial balance been provided, there is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

47. Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date and the misleading nature of the Letter is amplified by the fact that there is no initial balance noted, but still a total debt being sought.

48. It is common practice to date official letters.

49. Letters that lack a date make them seem illegitimate.

50. The fact that Defendant did not date the letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

51. Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

52. Defendant's failure to date the Letter further caused Plaintiff to be unable to determine whether the time frames provided for responding to the Letter met the statutory requirements.

53. By withholding the date of the letter, Defendant withheld a material term from Plaintiff which made it confusing for him to understand the nature of the subject debt.

54. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

55. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

56. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

57. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

58. One important element of consumer protection revolves around keeping the consumer informed.

59. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

60. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

61. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

62. As dating a letter is so basic in the business world, the fact that Defendant left the Letter dateless arouses suspicion as to their underlying motivations for doing so.

63. The non-dated letter coupled with the references to "today" and "now" make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

64. The fact that Plaintiff not only denies the existence of the alleged debt, but that the Letter further indicates a $0.00 initial balance only serves to underscore the belief that the only intent of the letter was to improperly extort money from Plaintiff.

65. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

66. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

67. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, intimidation, and conversion.

68. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

69. Intimidation includes "unlawful coercion" and "putting [another] in fear." Black's Law Dictionary 1990.

70. The fear of a victim need not be so great as to result in terror, panic, or hysteria. *Id.*

71. Recovery may be had under the common law for negligent infliction of emotional distress without a showing of physically manifested harm.

72. For the purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

73. Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

74. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

75. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated

Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this debt.

76. Plaintiff was confused and misled to his detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letter to his detriment.

77. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

78. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

79. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

80. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

81. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

82. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

83. Defendant violated §1692d:

   a. By attempting to collect a debt from the Plaintiff that he does not owe, the natural (and actual) consequence of which harassed and abused the Plaintiff;

    b. By omitting a date from their dunning letter and defining Plaintiff's debt based on the omitted date.

    c. By providing a zero-dollar initial balance from their dunning letter while stating that there were no subsequent fees or interest charged, but then providing a "credit" that resulted in the balance increasing to $25.00.

84. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

85. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

86. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

87. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

88. Defendant violated §1692e:

    a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

    b. By making a false and misleading representation/omissions in violation of §1692e(10).

89. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692f *et seq.***

90. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

91. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

92. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

93. Defendant violated §1692f:

   a. By unconscionably citing to an account that was not Plaintiff's in order to unfairly collect upon a debt that was fraudulent on its face, without regard to authenticity; and

   b. By omitting material terms from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt.

94. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

95. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

96. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

97. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

98. Defendant violated Section 1692g(a):

      a. By failing to properly provide the amount of the debt, by pegging it to an unknown date; and

      b. By failing to properly provide the amount of the debt, by noting a zero-dollar balance while alleging an amount due thereafter that could not be properly confirmed.

99. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

100. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Daniel Philipson, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

    a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt, Esq., as Class Counsel;

    b) Awarding Plaintiff and the Class statutory damages;

    c) Awarding Plaintiff and the Class actual damages;

    d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    e) Awarding pre-judgment interest and post-judgment interest; and

  f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 20, 2023         Respectfully submitted,

                    **Stein Saks PLLC**

                    <u>s/ Christofer Merritt</u>
                    By:  Christofer Merritt, Esq.
                    One University Plaza, Suite 620
                    Hackensack, NJ 07601
                    Phone: (201) 282-6500 ext. 102
                    Fax: (201) 282-6501
                    cmerritt@SteinSaksLegal.com

                    *Attorneys for Plaintiff*